UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00203-GNS-RSE

JUDY STASTNY PLAINTIFF

v.

FARMERS PROPERTY AND CASUALTY
INSURANCE COMPANY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (DN 14). The motion is ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

## I. STATEMENT OF FACTS AND CLAIMS

Plaintiff Judy Stastny ("Stastny") purchased a homeowner's insurance policy with Defendant Farmers Property and Casualty Insurance Company ("Farmers"). (Compl. ¶ 2, DN 1-2). Stastny alleges that in March or April 2025, while the homeowner's insurance policy was in effect, a significant windstorm damaged the "Roof, Siding, Gutters, and Interior" of her home.[1] (Compl. ¶¶ 6-7). Stastny claims that while she "promptly notified" Farmers of the windstorm damage and satisfied all conditions precedent to pursue a property loss claim, Farmers failed to perform a reasonable inspection of her home and subsequently refused to "fully and/or adequately" indemnify her for the damage. (Compl. ¶¶ 8-10).

[1] The Complaint includes two dates for the windstorm: "on or about March 14, 2025," and "on or about April 14, 2025[,]" the latter of which is repeated throughout the Complaint. (Compl. ¶¶ 1, 6-7, 41). Regardless, either purported date of loss was within the coverage period of the homeowner's insurance policy.

Stastny filed suit in Jefferson Circuit Court (Kentucky) asserting claims for breach of contract, breach of the duty of good faith and fair dealing (bad faith), a violation of the Kentucky Unfair Claims Settlement Practices Act, and a violation of the Kentucky Consumer Protection Act. (Compl. ¶¶ 12-46). Farmers removed the action to this Court. (*See* Notice Removal, DN 1). Farmers then moved for judgment on the pleadings seeking dismissal of all claims. (Def.'s Mot. J. Pleadings 9, DN 14).

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) allows motions for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions for judgment on the pleadings are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). Therefore, to survive a Fed. R. Civ. P. 12(c) motion, a complaint must establish "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

For Fed. R. Civ. P. 12(c) motions, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510

F.3d 577, 581 (6th Cir. 2007) (citation omitted). Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. DISCUSSION

### A. Breach of Contract

Under Kentucky law, "there are three elements to a breach of contract claim: (1) 'existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract.'" *Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 774 (E.D. Ky. 2019) (citation omitted). When reviewing an insurance policy, "the contract should be liberally construed and all doubts resolved in favor of the insureds . . . ." *K.M.R. v. Foremost Ins. Grp.*, 171 S.W.3d 751, 753 (Ky. App. 2005) (citation omitted). Further, "[u]nder the 'doctrine of reasonable expectations,' an insured is entitled to all the coverage he may reasonably expect to be provided according to the terms of the policy." *Hendrix v. Fireman's Fund Ins. Co.*, 823 S.W.2d 937, 938 (Ky. App. 1991) (citation omitted).

In this case, the parties do not dispute the first element—the existence of the contract. Both parties agree that Stastny had a valid homeowner's insurance policy with Farmers that was in full force and effect at the time of the windstorm. (Compl. ¶ 2; Answer ¶¶ 1-2, DN 1-2).

Farmers instead asserts that the Complaint lacks adequate facts showing that it breached the policy. (Def.'s Mot. J. Pleadings 3-5). Farmers argues that the pleading fails to tie "any alleged nonpayment to a particular policy obligation or benefits" and asserts "threadbare recitals, devoid

of specific facts" related to the nonpayment.[2] (Def.'s Mot. J. Pleadings 4-5). To the contrary, the Complaint specifically alleges that Farmers breached the policy by failing to perform a reasonable inspection after a windstorm in March or April 2025, which damaged the "Roof, Siding, Gutters, and Interior" of her home. (Compl. ¶¶ 6-7). The pleading further asserts that after Stastny "promptly notified" Farmers of the windstorm damage and satisfied all conditions precedent to pursue a property loss claim, Farmers refused to "fully and/or adequately" indemnify her for the damage. (Compl. ¶¶ 8-10). Thus, the Complaint contains sufficient content to allow the Court to draw a "reasonable inference" that Farmers is liable for failing to compensate Stastny for the loss pursuant to the terms of the policy. *See Iqbal*, 556 U.S. at 678 (citation omitted). Accordingly, the motion is denied with respect to the breach of contract claim.

**B. <u>Bad Faith</u>**

Farmers also seeks dismissal of the claims for breach of the duty of good faith and fair dealing, the Kentucky Unfair Claims Settlement Practices Act, and the Kentucky Consumer Protection Act. (Def.'s Mot. J. Pleadings 9). In *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court outlined three elements to prove a bad faith claim:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

[2] Farmers cites *Stevens v. Allstate Corp.*, No. 12-60-DLB, 2013 WL 243641 (E.D. Ky. Jan. 21, 2013), for the proposition that Stastny fails to identify a provision of the contract that Farmers allegedly breached, making her breach of contract claim implausible. (Def.'s Mot. J. Pleadings 4 (citing *Stevens*, 2013 WL 243641, at *2)). Its reliance on *Stevens* is misplaced. In contrast to *Stevens*, where the defendant alleged that the insurance agreement never existed and the plaintiff failed to even produce the purported agreement, here there is no dispute between the parties regarding the existence of the homeowner's insurance policy or whether the policy was in effect at the time of the breach. (Compl. ¶ 2; Answer ¶¶ 1-2); *see Stevens*, 2013 WL 243641, at *1.

*Id*. at 890 (internal quotation marks omitted) (citation omitted). These elements apply whether "brought under common law or statute." *Rawe v. Liberty Fire Ins. Co*. 462 F.3d, 521, 527 (6th Cir. 2006).

Farmers contends that the Complaint fails to meet the first element because she does not allege "any specific amount that Farmers was obligated to pay . . . ." (Def.'s Mot. J. Pleadings 7). At this stage of the proceedings, however, the Complaint "*does not require 'detailed factual allegations,'* but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678 (emphasis added) (citation omitted). Contrary to the characterization by Farmers, the Complaint does not need more detailed factual allegations related to the specific dollar amount owed to survive a Fed. R. Civ. P. 12(c) motion because Stastny alleges a plausible claim for relief: that the home insurance policy was in effect at the time of the windstorm and Farmers failed to perform a reasonable inspection to compensate for damage to her property. *See id*.; (Compl. ¶¶ 1-10).

Further, Farmers asserts that Stastny failed to sufficiently allege the second and third elements because the Complaint did not provide "any contractual basis under which Farmers owed coverage" nor did it show that Farmers acted with "reckless disregard and/or reckless indifference" in handling her claim. (Def.'s Mot. J. Pleadings 7-9). The Complaint lacks an abundance of facts to support these elements, but "[i]f a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). Viewing these facts in the light most favorable to the non-moving party, it can be reasonably inferred that Farmers owed coverage for the windstorm based on the insurance policy and acted recklessly by failing to perform a reasonable inspection of Stastny's home after she allegedly "promptly notified" Farmers of the windstorm

damage and satisfied all conditions precedent to pursue a property loss claim. (Compl. ¶¶ 1-10). At this point, based on the pleadings, Farmers has failed to establish that it is "clearly entitled to judgment" on the above bad faith claims. *See Winget*, 510 F.3d at 581 (citation omitted). Accordingly, the motion is also denied as to the second set of claims.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (DN 14) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 4, 2026

cc: counsel of record